UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER A. EVANS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. G-06-599** |
| | § | |
| **NOBLE DRILLING CORPORATION,** | § | |
| **NOBLE DRILLING (U.S.) INC., AND** | § | |
| **NOBLE DRILLING SERVICES INC.** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Noble Drilling Corporation's ("Defendant") Opposed Motion to Compel the Independent Medical Examination of Plaintiff (Dkt. No. 24) and Motion for Expedited Consideration of Defendant's Motion to Compel Independent Medical Examination of Plaintiff (Dkt. No. 25). After considering the parties' arguments and the applicable law, the Court is of the opinion that good cause exists for an order authorizing an independent medical examination of Plaintiff; therefore, the pending motions should be granted.

**Background**

This matter arises out of an alleged accident on January 16, 2006 aboard the Noble Max Smith, a ship on which Christopher A. Evans ("Plaintiff") worked while employed by Defendant. Plaintiff, then a floorhand, claims he sustained injuries to his left thumb and wrist while installing a cable into its clamp while the drill crew was engaged in the operation of running marine risers.

Since the Plaintiff's injury, he has been treated by five physicians. Pursuant to Defendant's obligation to provide cure as Plaintiff's Jones Act employer, Defendant arranged and paid for the treatment by four of Plaintiff's treating physicians. Plaintiff ultimately came under the care of Dr.

Mark Henry, an orthopedic surgeon specializing in hand surgery. Dr. Henry operated on Plaintiff's injured thumb and wrist, and following post-operative physical therapy, Dr. Henry released Plaintiff with no activity restrictions. *See Transcript of the Deposition of Mark Henry, M.D.*, at pp.62-63. According to Dr. Henry, while Plaintiff appears to have no purely mechanical impediments to utilizing his thumb and wrist, Plaintiff has not returned to work due to alleged chronic pain. *Id.* at pp.66-68, 75, l. 23. Dr. Henry further testified that there is no physiological reason Plaintiff cannot return to full time employment with Defendant *Id.* at p.76, 1. 1-9.

Although Defendant arranged and paid for much of Plaintiff's prior medical treatment, Defendant has not yet requested, and Plaintiff has not yet undergone, a Rule 35(a) independent medical examination in relation to this litigation. Plaintiff argues that, because Defendant allowed Dr. Henry to treat Plaintiff for his injuries, Dr. Henry's examination should suffice as an independent medical examination.

**Discussion**

Rule 35(a) of the Federal Rules of Civil Procedure[1] empowers a court to order an independent medical examination of a party when (1) the party's physical or mental condition is in controversy; (2) the expert is either a physician or psychologist; and (3) good cause is shown. *See Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990). Plaintiff does not dispute that his physical and mental condition are in controversy or that Defendant's proposed independent medical

---

[1] Rule 35(a) states: "When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." FED. R. CIV. P. 35(a).

examiner, Dr. David B. Rosenfield, is a qualified medical expert in the field of neurology and clinical neurophysiology. Plaintiff only contends that Defendant lacks good cause to pursue Dr. Rosenfield's independent medical examination because the prior medical examinations—most of which were administered with Defendant's approval—provide precisely the information Defendant seeks from Dr. Rosenfield.

As Defendant points out, arguments similar to those asserted by Plaintiff have been put before district courts in the Fifth Circuit and rejected. In *McClanahan v. Transocean Offshore Int'l Ventures, Ltd.*, the plaintiff argued that the defendant failed to show good cause supporting an independent medical examination. 2006 WL 2989243 at *2 (W.D. La. Oct 19, 2006). The crux of the plaintiff's argument was that the defendant could look to the medical examinations already conducted by the plaintiff's treating physicians, which, like in this case, were provided by the defendant under its obligation to proffer cure as plaintiff's Jones Act employer. *Id.* The court observed "[a]ll Jones Act employers have an obligation to pay for the injured seaman's cure, and [the plaintiff] has provided no authority depriving such employers of independent medical examinations on grounds that they selected and/or paid for a seaman's treating physicians." *Id.* Similarly, the Plaintiff here has not provided authority, and the Court is not aware of any, explicitly denying Jones Act employers independent medical examinations on the grounds that they chose and/or paid for their employees' treating physicians. While the Western District of Louisiana's opinion is certainly not binding authority, this Court finds its reasoning sound and persuasive.

However, this Court notes that the *McClanahan* court also relied on the fact that discrepancies existed between the medical reports issued by the treating physicians. *Id.* at *2-3 (concluding that the defendant was entitled to an independent medical examination "in light of the

3

conflicting impairment reports issued by [the various treating physicians]"). Here, while Defendant does not indicate that discrepancies exist between the treating physicians' medical reports, Defendant asserts that an independent medical examination might yield a report shedding light on Plaintiff's claim of "permanent and disabling neurologic deficits." Dkt. No. 24 p.4. Presumably, Defendant wishes to apply potential findings from Dr. Rosenfield's medical examination to Dr. Henry's testimony concerning Plaintiff's physiological barriers to obtaining gainful employment and Plaintiff's claims of mental anguish. *See Transcript of the Deposition of Mark Henry, M.D.*, at p. 76; *see also* Plaintiff's Original Complaint, Section V; *see also Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (holding that good cause for an independent medical examination exists when the plaintiff has placed his medical condition at issue). These reasons alone would supply the Court with sufficient grounds on which to find good cause to order an independent medical examination.

Additionally, Rule 35(a) is generally construed liberally in favor of granting discovery. *See Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 n.1 (N.D. Tex. 1996) (observing that Rule 35(a) should be interpreted liberally to further discovery). This Court also finds that no harm or prejudice will result by granting Defendant's request. Thus, this Court is convinced that good cause exists to order an independent medical examination of Plaintiff by Dr. Rosenfield. Therefore, Defendant's Motion to Compel the Independent Medical Examination of Plaintiff is granted.

Finally, to the extent that this order has delayed Defendant in providing Plaintiff with its completed expert witness list by the September 14, 2007 deadline established by the Amended Scheduling Order, (Dkt. No. 23), this Court will not consider the designation of Dr. Rosenfield untimely.

**Conclusion**

Defendant's Opposed Motion to Compel the Independent Medical Examination of Plaintiff (Dkt. No. 24) is **GRANTED**. Plaintiff shall submit to a Rule 35 independent medical examination by Dr. Rosenfield. Dr. Rosenfield's examination shall be limited in scope to the conditions in controversy in this lawsuit. Defendant's Motion for Expedited Consideration of Defendant's Motion to Compel Independent Medical Examination of Plaintiff (Dkt. No. 25) is **DENIED AS MOOT**.

It is so **ORDERED**.

Signed this 25th day of September, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE